Victoria MEDER, Plaintiff–Appellant,

v.

BOARD OF EDUCATION OF
the CITY OF NEW YORK,
Defendant–Appellee,

City School District of New York, Community School District 27, Matthew Broome, Gloria T. Petitto, Joan Kase, Dorothy Morris and Community School Board of School District 27, Defendants.

No. 04–3472–CV.

United States Court of Appeals,
Second Circuit.

June 8, 2005.

Allan E. Wolin, Jericho, NY, for Appellant.

Norman Corenthal, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel of the City of New York, Kristen M. Helmers, on the brief), New York, NY, for Appellee, of counsel.

Present: OAKES, KEARSE, and POOLER, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Victoria Meder appeals from a district court decision and order dismissing, through summary judgment, her age discrimination and hostile

work environment claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, and the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law § 296. This court reviews the district court's decision to grant summary judgment de novo. *James v. New York Racing Ass'n*, 233 F.3d 149, 152 (2d Cir.2000). In making our determination we must resolve all ambiguities and draw all permissible factual inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). We assume the parties' familiarity with the underlying facts, procedural history and specification of appellate issues and hold as follows.

Meder claims that defendant-appellee discriminated against her and created a hostile work environment by, *inter alia,* subjecting her to excessive monitoring, refusing to grant her request to remove a paraprofessional from her classroom, and investigating her for corporal punishment. Meder alleges that these actions were motivated by age animus.

The court reviews Meder's ADEA age discrimination claim under the *McDonnell Douglas* framework. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *James,* 233 F.3d at 153 (applying *McDonnell Douglas* to age discrimination claim). Under this framework, a plaintiff must first demonstrate a prima facie case of discrimination by showing (1) that she is a member of the protected class, (2) that she was qualified for the position, (3) that she suffered an adverse employment action, and (4) that the circumstances surrounding the action are sufficient to permit an inference of age discrimination. *Brennan v. Metropolitan Opera Ass'n,* 192 F.3d 310,

316 (2d Cir.1999). Upon reviewing the record and relevant case law, we hold that even if Meder had suffered adverse employment actions, the circumstances surrounding those actions do not give rise to an inference of age discrimination. Thus, there is no material issue of fact as to whether Meder can satisfy the fourth prong of her prima facie case. Because the outcome of the age discrimination claim is the same whether it is predicated on the ADEA or the NYHRL, there is no need to address the NYHRL claim separately. *Id.* at 316 n. 2.

A plaintiff may establish a hostile work environment claim by showing that the workplace was permeated with so much "discriminatory intimidation, ridicule, and insult" that the plaintiff's working conditions were altered. *Id.* at 318. A plaintiff also must establish that she was subjected to hostility "because of her membership in a protected class." *Id.* Even if Meder could establish that she suffered under a hostile work environment, there is nothing in the record that suggests that the treatment she received was on account of her age. Thus, there is no material issue of fact with respect to Meder's hostile work environment claim.

For the foregoing reasons, we affirm the decision and order of the district court.